# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:21-cr-788 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIE JOE DAWSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Willie Joe Dawson ("Dawson") for revocation of the order of detention. (Doc. No. 21.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 22.) While Dawson requests a hearing in connection with his motion, the Court finds that the present motion may be resolved on the parties' written submissions. As part of its *de novo* review, the Court has reviewed the following:

(1) the complaint (Doc. No. 1) and supporting affidavit (Doc. No. 1-1);

(2) the pretrial service report (Doc. No. 3, sealed);

(3) the magistrate judge's order of detention (Doc. No. 9);

(4) the indictment (Doc. No. 11);

(5) the transcript from the preliminary/detention hearing (Doc. No. 18);

(6) Dawson's motion to revoke detention (Doc. No. 21);

(7) police report from the May 8, 2021 shooting incident (Doc. No. 21-1);

(8) the government's opposition to the motion to revoke (Doc. No. 22); and

(9) dockets from Dawson's state criminal cases (Doc. Nos. 22-1 thru 22-4).

I. **BACKGROUND**

On October 12, 2021, a criminal complaint issued charging Dawson with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. (Doc. No. 1.) The affidavit of Detective Mason Hemline[1], appended to the complaint, provided that on October 23, 2006 Dawson was convicted of aggravated burglary, with a firearm specification; felonious assault; and tampering with evidence. (Doc. No. 1-1 (Affidavit of Mason Hemline) ¶ 6.) The affidavit further provided that, on September 17, 2021, Detective Hemline and his partner, Sergeant John Dina, initiated a traffic stop of a vehicle driven by Dawson because the vehicle had an expired plate. (*Id.* ¶ 7.) Upon approach, the officers noticed a small child in the back seat of the vehicle in a child restraint seat. Officers also saw bullet holes on the driver's side door, and observed Dawson using his body to shield a portion of the interior of the vehicle from view. (*Id.* ¶¶ 7–8.) At that time, Sergeant Dina recalled that Dawson was a suspect and a victim in a prior shooting. (*Id.* ¶ 8.) After confirming that Dawson's license was expired, the officers extracted Dawson from the vehicle. A subsequent search of the vehicle resulted in the discovery of a loaded .357 caliber Ruger under a towel under the driver's seat. (*Id.* ¶ 9.)

At Dawson's arraignment on October 14, 2021, the government moved for detention pending trial. Attorney Timothy Ivy of the Federal Public Defender's Office was appointed to represent Dawson. (Minutes of Proceedings, 10-14-2021.) Following the arraignment, an order of detention pending a hearing was issued. (Doc. No. 6.) On October 19, 2021, Magistrate Judge

---

[1] Detective Hemline is a member of the Warren Police Department Street Crimes Unit and a task force officer with the Federal Bureau of Investigation Mahoning Valley Violent Crimes Task Force. (*Id.* at 1 & ¶ 2.) All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Carmen E. Henderson conducted a preliminary/detention hearing. (Minutes of Proceedings, 10-19-2021.) At the hearing, the government proffered that Dawson had an extensive criminal history that included convictions in 2006 for aggravated burglary and felonious assault, both with firearm specifications, tampering with evidence, having a weapon while under a disability, and failure to comply with the order of a police officer; and 2013 and 2014 drug-related convictions (including a trafficking conviction in 2013). (Doc. No. 18 at 7–8, 11–12, 17; *see* Doc. Nos. 22-1 thru 22-4.)[2] The 2013 drug offenses were committed while Dawson was on supervised release.

The government also proffered evidence that Dawson was involved in a shooting incident in Warren, Ohio. At the time of the hearing, little was known about this incident, but the government represented that it likely occurred in 2021 and that Dawson was believed to have been both a shooter and a victim of that incident. (Doc. No. 18 at 9, 17–18.)

In ordering Dawson detained pending trial, the magistrate judge concluded that the government had demonstrated by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Doc. No. 9 at 2.) Specifically, the magistrate judge found that the weight of the evidence against Dawson was strong, that he had a history of violence and gun use, and that he was previously guilty of one or more supervised release violations. (*Id*. at 2–3.) The magistrate judge expressed concern over Dawson's criminal history that included crimes of violence and weapons, even though she acknowledged that the 2006 aggravated burglary conviction—the

---

[2] The pretrial services report (Doc. No. 3) failed to accurately report all of Dawson's crimes and court proceedings. (*See* Doc. No. 18 at 11–14, 17.

3

most serious offense for which Dawson was convicted—was more than 15 years old. Nevertheless, she found it "very concerning that Mr. Dawson was in a car and it had bullet holes with a firearm and that he was allegedly a suspect and a victim in a prior shooting incident this year." (Doc. No. 18 at 28.)

On October 28, 2021, an indictment issued charging Dawson with possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 11 at 1–2.) The indictment also sought forfeiture under 18 U.S.C. § 924(d)(1). (*Id*. at 2.) On January 28, 2022, the Court granted Dawson's motion to continue all dates and deadlines in the case. (Minutes of Proceedings, 1-28-2022.) A final pretrial conference is currently set for March 8, 2022, and a trial is set (on a two week standby basis) for April 11, 2022.

## II. DISCUSSION

Dawson now seeks review and revocation of the magistrate judge's order of detention. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the Court "acts on a motion to revoke or amend a magistrate's pretrial detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992). In this particular case, there is no presumption of detention. *See* 18 U.S.C. § 3142(f)(1). In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence the absence of effective conditions of release. 18 U.S.C. § 3142(f)(2).

Dawson also requests the Court to reopen the detention hearing based on changed circumstances. A detention hearing "may be reopened, before after a determination by the

judicial officer, at any time before the trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). New and material information for purposes of § 3142(f) "consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08-cr-481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). The statutory provision authorizing the reopening of a detention hearing is strictly interpreted such that "hearings should not be reopened if the evidence proffered was available at the time of the hearing." *Id*.

In his motion, Dawson maintains that the report of the May 8, 2021 shooting incident was not available at the time of the preliminary/detention hearing but was produced following the magistrate judge's order of detention. (Doc. No. 21 at 4.) According to Dawson, the "report . . . reveals that [he] was not charged with felonious assault, but was only treated as victim in the earlier shooting incident." (*Id.* (citing Doc. No. 21-1).) Dawson notes that, in finding him to be a threat to the community, "the magistrate judge relied in large measure on allegations that Mr. Dawson was not only a victim, but perhaps a suspect in a prior shooting." (*Id*. at 6.) He posits that "[a] victim is just that, a victim. Nothing about being a victim, without more, should indicate that there is clear and convincing evidence the person is a danger to the community." (*Id*.)

It is true that the police report indicates that Dawson was shot in the leg during the exchange of gun fire, and that he was transported to a local hospital for treatment. But, as the

government correctly notes, the report does not rule out Dawson as a possible shooter as well as a victim. According to the report, Dawson had been traveling in a grey vehicle. (Doc. No. 21-1 at 6–7.) Witnesses reported that they heard shots fired and saw a black male enter a grey vehicle, fire several shots, and then drive away. (*Id*. at 5.) Other witnesses said they heard gun shots, looked outside and saw a thin man wearing a hoodie get into a dark vehicle and then fire shots. (*Id*. at 4.) A final witness stated that he heard gun shots, looked outside, and saw a man limping like he had been injured, get into the driver's side of a vehicle, and then fire shots from the vehicle. (*Id*.)

While the police report from the May 8, 2021 shooting incident contains new and more detailed information regarding the incident, this new information does not make it any less likely that Dawson was an active participant in the exchange of gun fire. If anything, the report provides compelling evidence that Dawson was the man in the hoodie in the grey van who returned fire after he was shot in the leg. Accordingly, the information in the police report fails to justify reopening the detention proceedings for changed circumstances.

In any event, the Court, having conducted its *de novo* review, independently finds that the government presented clear and convincing evidence that Dawson remains a risk of danger to others and the community. It is true, as the magistrate judge noted, that Dawson's aggravated robbery conviction is more than fifteen (15) years old. Nevertheless, the fact remains that Dawson was sentenced to a six year sentence for that conviction and reoffended within a year or two after he was released by committing multiple drug offenses, including drug trafficking, an inherently dangerous offense. *See United States v. Stone*, 608 F.3d 939 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." (citing

and quoting *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("[t]he risk of continued narcotic trafficking on bail constitutes a risk to the community")). In addition, the May 2021 shooting incident, the bullet holes in Dawson's vehicle, and the weapon he purportedly stowed under his car seat all point to a finding that Dawson is unable to refrain from using and possessing weapons despite being under a disability. Moreover, the fact that some of his crimes were committed while he was out on bond or on supervised release, only serves to confirm that Dawson remains unwilling to conform his behavior or abide by court-ordered conditions of release.

Dawson represents that his girlfriend and mother of four of his children, Kayla Dukes, remains committed to allowing Dawson to live in her home and is in "desperate[]" need of Dawson's help with the children. (Doc. No. 21 at 5–6.) The Court is sympathetic to Dawson's family situation and commends him for wanting to assist with the care and support of his children. Nevertheless, the Court cannot overlook the fact that there is strong evidence in this case that, at the time of his arrest, Dawson permitted one of young children to ride in a car that contained a loaded revolver. This represents further evidence that Dawson's release poses a danger to the community, including his own children.

### III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the government's response, the Court finds that the government has demonstrated by clear and convincing evidence that

condition or combination of conditions would reasonably assure the safety of the community or other persons. Accordingly, Dawson's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: March 8, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**