UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:21-cr-788 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WILLIE JOE DAWSON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On October 13, 2022, defendant Willie Joe Dawson ("Dawson") was sentenced to a custody term of 65 months for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 39 (Judgment); *see* Minutes of Proceedings [non-document], 10/13/2022; *see also* Doc. No. 11 (Indictment).)

For a second time since his sentencing, Dawson seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 45 (Motion).) Plaintiff United States of America (the "government") has filed an opposition to the motion (Doc. No. 46 (Response)). For the reasons that follow, defendant's motion for a compassionate release is DENIED.

I.  BACKGROUND

On October 28, 2021, an indictment issued charging Dawson with one count of being a felon in possession of a firearm and ammunition. (*See* Doc. No. 11.) On March 18, 2022, Dawson entered a plea of guilty to the sole charge in the indictment and was sentenced as set forth above. (Minutes of Proceedings [non-document], 3/18/2022.)

On September 1, 2023, the Court denied Dawson's first motion for a compassionate release. (*See* Doc. No. 43 (First Motion for Compassionate Release); Minutes of Proceeding [non-document], 9/1/2023.) As an initial matter, the Court determined that Dawson had failed to exhaust his administrative remedies, and denied the motion for this reason alone. (Order [non-document], 9/1/2023.) Nevertheless, the Court continued to the merits and found that Dawson's concern for his children failed to establish the existence of extraordinary and compelling reasons for release, and, in any event, the statutory sentencing factors did not support early release. Specifically, the Court held:

> [W]hile the Court appreciates Dawson's concern that his six children miss him and understands his desire to watch his eldest daughter graduate from high school, these matters do not rise to the level of extraordinary and compelling reasons. Nor does his representation that his children are currently being raised by "one woman." While unfortunate, the reality is that the care of minor children while a parent is incarcerated is a problem faced by many convicted defendants. And while family circumstances can, at times, rise to the level of extraordinary and compelling, defendant has not established that his circumstances meet the requirement, as he has failed to demonstrate with any documentation that he is even a suitable caregiver for his children. In fact, at the time he was arrested, Dawson's infant child was in the backseat of a vehicle in which he had a loaded revolver and a knife, and the vehicle, itself, had bullet holes from a prior shooting in which Dawson participated and was injured. Moreover, given Dawson's proclivity for violent behavior, drugs, and weapons as discussed below, the Court questions whether he could serve as a suitable caregiver. But even if the Court were to find the requisite extraordinary and compelling reasons, a reduction of the prison term would not be appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider all relevant statutory factors). Defendant, who is 36 years old, has served a fraction of his sentence for being a felon in possession of weapons and ammunition. He has a substantial criminal history—that began when he was 15 years old and spans 20 years—that includes convictions for aggravated robbery, felonious assault, drug possession, failure to comply, having a weapon under a disability, and endangering children. As the government notes, defendant also has a history of supervised release violations. Prior periods of incarceration have failed to impress upon defendant the importance of conforming his behavior, as further evidenced by his inability to abide by supervision requirements. The nature and extent of his criminal history also counsel strongly

against granting the requested relief and underscore that he remains a danger to society. The Court has considered his unsubstantiated claims that has completed programming in prison and that he has employment waiting for him upon his release. But after considering all the factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, and as indicated previously, the Court also finds that defendant poses a serious danger to the community, including to his own children. Further, to the extent that defendant requests to be released and to serve a period of supervised release on home confinement, for the reasons already stated, defendant is not an appropriate candidate for release under § 3582, even with conditions.

(Order [non-document], 9/1/2023; *see* Doc. No. 43.)

On April 16, 2024, Dawson filed his second motion for compassionate release. (*See* Doc. No. 45.) In his motion, he indicates that his children "miss [him] very much[.]" (*Id*. at 1.) He insists that he is "doing everything [he] need[s] to do and more to prove that [he is] not only ready to be released back to [his] community, but that [he is] needed back in [his] community and with [his] family." (*Id*.) He represents that he has been working diligently on his rehabilitation by participating in classes, including custodial technician trade classes, though he fails to provide any documentation substantiating his prison programming. (*Id*.)

Unfortunately for Dawson, little has changed in the 9 months since the Court originally denied him early release. As discussed below, Dawson has still failed to exhaust his administrative remedies, and he has otherwise failed to demonstrate that he is entitled to relief under § 3582.

**II.    LAW AND DISCUSSION**

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*,

529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Dawson does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. Instead, he appears, for the second time, to be seeking a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *See United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations

4

omitted).

At the outset, the government correctly observes that there is still no evidence before this Court that Dawson has exhausted his administrative remedies. It further represents that the Bureau of Prisons ("BOP") "has no record of Dawson ever requesting compassionate release through it." (Doc. No. 46, at 3.) In the absence of any evidence in the record that Dawson has exhausted his administrative remedies, the Court must deny Dawson's motion for this reason alone.

But even if Dawson had properly exhausted, he would still have to demonstrate that he was entitled to relief under the compassionate release statute (18 U.S.C. § 3582(c)(1)(A)) and the relevant BOP policy statement. The policy statement applicable to compassionate release motions, 18 U.S.C. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." 18 U.S.C. § 1B1.13(b).

Dawson appears to be invoking the third category—family circumstances of the defendant—to support his request for compassionate release. That section provides, in relevant part, that the "death or incapacitation of the caregiver of the defendant's minor children or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or medical condition" may qualify as an extraordinary and compelling reason for early release. § 1B1.13(b)(3)(A).

Dawson has failed to establish (or even suggest) that the caregiver for his minor children, or for an adult child who is incapable of self-care, has died or is now incapacitated. While the Court believes that defendant sincerely misses his children, and that they, in turn, miss him, the desire to be reunited with his children does not satisfy § 1B1.13(b)(3)(A). Nor does Dawson's vague and conclusory claim that he is "needed back in [his] community and with [his] family" establish an extraordinary and compelling reason for release under the relevant policy statement. Moreover, as the Court previously found, given Dawson's proclivity for violence and his willingness to expose his minor children to guns and other weapons, the Court remains convinced that he would not qualify as a suitable caregiver for his children.

And even if Dawson had cleared this initial hurdle, the Court would still have denied his motion because the sentencing factors in § 3553(a) do not favor release. *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a) and directing district courts to consider all relevant statutory factors). The nature and circumstances of the charged offense were serious. As detailed in the Presentence Investigation Report, officers initiated a traffic stop of a vehicle Dawson was driving because the vehicle had expired plates. In the back seat, officers discovered Dawson's infant son, who was not secured in a car seat. After Dawson's girlfriend arrived on the scene and attempted to distract the officers, Dawson refused direct orders from officers to vacate the vehicle. A search of the vehicle yielded a knife and a loaded revolver, and the officers noted that the vehicle, itself, had bullet holes from a shooting in which Dawson was injured in May 2021. (Doc. No. 27 (Final PSR), at 4 ¶¶ 7–8.) These facts show that Dawson was unlawfully in possession of a loaded weapon and a knife—in a vehicle in which he had previously engaged in a gun fight—all while transporting his unsecured infant child.

Additionally, as the Court has previously recognized, defendant has an extensive criminal history that includes aggravated robbery, felonious assault, drug possession, failure to comply, having a weapon under a disability, and endangering children. (*See also id.* at 6–13 ¶¶ 27–41.) Dawson also has a history of supervised release violations. His unwillingness to conform his behavior and refrain from owning or possessing weapons or committing violent criminal acts, combined with his past failures to abide by conditions while on supervision, strongly counsel against early release.

Further, while the Court has considered Dawson's unsubstantiated claim that he is participating in prison programming, the Court must also consider his prison disciplinary record. Past periods of incarceration have been marred by multiple rules infractions, including threatening to have a correctional officer killed. (*Id.* at 10–11 ¶ 35.) His inability to control his behavior, even in prison, suggests that he is a poor candidate for early release.

After considering all of the § 3353(a) factors, the Court again determines that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds (once again) that defendant poses a danger to the community and to his own children.

### III. CONCLUSION

For the foregoing reasons, the Court denies Dawson's motion for compassionate release.

**IT IS SO ORDERED**.


Dated: June 12, 2024

                                              **HONORABLE SARA LIOI**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**